J-S03016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DITECH FINANCIAL, LLC F/K/A GREEN TREE SERVICING, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN P. MICHAELS AND LAURIE J. MICHAELS | : | No. 1375 EDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Order March 13, 2018
In the Court of Common Pleas of Monroe County Civil Division at No(s):
8093 CIVIL 2015

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:  **FILED FEBRUARY 28, 2019**

Appellants, John P. Michaels and Laurie J. Michaels, appeal from the order entered on March 13, 2018, granting a motion for summary judgment filed by Ditech Financial, LLC, f.k.a., Green Tree Servicing, LLC ("Ditech"). Upon review, we vacate the order and remand for additional proceedings.

We briefly summarize the facts and procedural history of this case as follows.  On October 27, 2015, Ditech instituted a mortgage foreclosure action against Appellants regarding a residential property in Monroe, County, Pennsylvania.  After conciliation efforts failed, Appellants filed an answer and new matter to the complaint on January 20, 2017.  Ditech replied to Appellants' new matter on February 1, 2017.  On February 6, 2018, Ditech filed a motion for summary judgment.  Appellants filed a response on March

9, 2018. On March 13, 2018, the trial court entered an order granting Ditech's motion for summary judgment and entering judgment in Ditech's favor in the amount of $251,184.30, plus interest, costs, and attorney's fees.

Appellants filed a timely notice of appeal on April 12, 2018. The trial court entered an order on May 21, 2018, stating that it did not receive a copy of the notice of appeal. In that order, the trial court directed Appellants to file a concise statement of errors complained of on appeal by June 11, 2018. Appellants complied timely. On June 21, 2018, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a), which states in pertinent part:

> After review of the issues raised by [Appellants], [the trial court] believe[s its] order was entered in error. [The trial court] reviewed [Appellants'] response to the [m]otion for [s]ummary [j]udgment and their brief in support. [The trial court did not] believe [it] was aware that [Appellants] filed these documents at the time [it] made [its] decision, perhaps because of a delay in docketing and scanning. [The trial court] believe[d its] order was in response to what [it] thought was an uncontested motion.
>
> The complaint in this case states that John Michaels obtained a loan from Ditech's predecessor [i]n November, 2005 in the amount of $198,280.00. Mr. Michaels signed the note but Mrs. Michaels did not. In addition, both [Appellants] secured the loan by signing a mortgage on their property. John Michaels then signed a modification of the note and mortgage on July 22, 2014, increasing the principal balance to $200,472.00 and modifying the interest rate of the note. Laurie Michaels did not sign this loan modification agreement.
>
> [Appellants] defended the motion for summary judgment on the grounds that Laurie Michaels did not agree to this modification of the mortgage and should not be bound by it. [The trial court concluded that] had [it] considered this defense, [it] would have denied the motion for summary judgment.

Trial Court Opinion, 6/21/2018, at 1-2 (record citation omitted).

Our standard of review is well-settled:

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Daley v. A.W. Chesterton, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

Here, by its own admission, the trial court inadvertently erred by failing to consider Appellants' defense to the motion for summary judgment. As such, there were issues of material fact as to Ditech's right to judgment when the trial court entered its order granting summary judgment. Accordingly, we vacate the order and remand for additional proceedings.

Order vacated. Case remanded for additional proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/19

- 3 -